UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

LUZ YARBROUGH,

    Plaintiff,

v.                                                                                          CASE NO.:

SADDLE CREEK CORPORATION d/b/a
SADDLE CREEK LOGISTICS SERVICES,
a foreign profit corporation

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, LUZ YARBROUGH, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

4. At all times relevant hereto, Plaintiff, LUZ YARBROUGH ("Plaintiff" or "Yarbrough"), was an employee of Defendant, SADDLE CREEK CORPORATION

d/b/a SADDLE CREEK LOGISTICS SERVICES ("SC" or "Defendant"), a foreign profit corporation, and resided in Shelby County, Tennessee.

5. From December 2009 until her wrongful termination on May 13, 2014, Plaintiff worked for Defendant as an hourly paid employee, working primarily in Defendant's offices located in Shelby County, Tennessee.

6. Defendant is a foreign for profit corporation that provides logistics services, and operates and conducts business in, among others, Shelby County, Tennessee, and is therefore, within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

8. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

10. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised her rights pursuant to the FMLA and Defendant interfered with Plaintiff's right to take FMLA leave and retaliated against

Plaintiff, because she took, or attempted to take FMLA leave to care for her dying mother in the Philippines.

11. On February 25, 2014, Plaintiff submitted a request for FMLA leave to care for her infirm mother in San Felipe, Philippines.

12. Plaintiff's leave was to begin on February 28, 2014, and she was supposed to return to work on April 21, 2014.

13. At no time prior to her departure, was Ms. Yarbrough told that her FMLA leave was not approved.

14. Prior to her departure, Plaintiff explained that, because the doctor caring for her mother was in San Felipe, access to a fax machine, or other modern technologies, was not available for her mother's doctor to submit any medical confirmation before leaving. Plaintiff, however, confirmed that she would bring the medical documentation back with her from San Felipe.

15. Pursuant to 29 C.F.R. 825.305(b), "[t]he employee must provide the requested certification to the employer within 15 calendar days after the employer's request, **unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts . . .**" (emphasis added).

16. Plaintiff departed for San Felipe on March 26, 2014, with a return date of May 30, 2014.

17. While in San Felipe, Plaintiff had no access to her mail or home telephone in Tennessee.

18. As agreed, Plaintiff had her mother's doctor execute the necessary FMLA forms on March 28, 2014, while in San Felipe, to provide to Defendant.

19. On May 13, 2014, Defendant sent Plaintiff a termination letter to her Tennessee residence, claiming that she had voluntary resigned her employment by not providing medical documentation for her leave, and claiming the leave was not approved.

20. Plaintiff did not see this letter when she returned to the United States.

21. On June 3, 2014, Plaintiff returned to work as scheduled with supporting medical documentation for her leave in hand.

22. Notwithstanding having these documents, Plaintiff was terminated for alleged "job abandonment."

## COUNT I – INTERFERENCE WITH RIGHT TO TAKE LEAVE

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. At all times relevant hereto, Defendants interfered with Plaintiff's right to take leave from work under the FMLA.

25. At all times relevant hereto, Defendants interference with Plaintiff's right to take leave from work, violated the FMLA.

26. Plaintiff gave Defendant appropriate notice of her need to be absent from work, due to her mother's medical condition.

27. Defendant interfered with the exercise of Plaintiff's right to unpaid leave by terminating Plaintiff's employment as a result of Plaintiff's exercising her right to FMLA leave.

28. Defendant interfered with the exercise of Plaintiff's right to leave, because Defendant refused to allow Plaintiff to return to her job, or to an equivalent position, after requesting FMLA leave.

29. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

31. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – DISCRIMINATION/RETALIATION

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

33. At all times relevant hereto, Defendant retaliated against Plaintiff, because Plaintiff exercised her right to take leave from work under the FMLA.

34. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA.

35. Plaintiff gave Defendant appropriate notice of her need to be absent from work.

36. Defendant retaliated against Plaintiff for exercising her right to leave, because Defendant terminated Plaintiff's employment as a result of Plaintiff's attempts to exercise her right to medical leave.

37. Defendant retaliated against Plaintiff for exercising her right to unpaid leave, because Defendant refused to allow Plaintiff to return to her job, or to an equivalent position, upon return from her leave.

38. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

39. As a result of Defendant's intentional, willful and unlawful acts by discriminating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

41. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

DATED this 19th day of September 2014.

RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: 954-903-7475
Fax: 954-337-2771
E-mail: richard@floridaovertimelawyer.com

RICHARD CELLER
FL Bar No.: 173370