## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **LUZ YARBROUGH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action File No.** |
| **v.** ) | |
| ) | **2:14-cv-02735-STA-CGC** |
| **SADDLE CREEK CORPORATION** ) | |
| **d/b/a SADDLE CREEK LOGISTICS** ) | |
| **SERVICES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S ANSWER

Defendant Saddle Creek Corporation ("Saddle Creek" or "Defendant") answers the Complaint filed by Plaintiff Luz Yarbrough ("Plaintiff") as follows:

### FIRST DEFENSE

In answer to the specific allegations of the Complaint, Defendant responds as follows:

#### Introduction

1.      Paragraph 1 of the Complaint contains a description of this action that requires neither admission nor denial by Defendant, but to the extent said description implies that Defendant violated the Family and Medical Leave Act ("FMLA"), or that Plaintiff is entitled to any recovery in this action whatsoever, said implications are denied.

#### Jurisdiction

2.      Answering the allegations contained in Paragraph 2 of the Complaint, Defendant admits only this Court has jurisdiction of the claims asserted in said Complaint and the authority

to grant declaratory relief, but denies the Plaintiff is entitled to any relief in this matter and denies all other allegations and/or implications contained in Paragraph 2 of the Complaint.

Parties

3.     There is no Paragraph 3 contained in the Complaint, and thus no admissions nor denials are required with respect to any Paragraph 3.

4.     Answering the allegations of Paragraph 4 of the Complaint, Defendant admits only that Plaintiff was employed by Defendant from December 25, 2008 until May 13, 2014 and, upon information and belief, that she resided in Shelby County, Tennessee during said employment.  Defendant denies all other allegations and/or implications contained in Paragraph 4 of the Complaint.

5.     Answering the allegations of Paragraph 5 of the Complaint, Defendant admits only that, from December 2009 until May 13, 2014, Defendant employed Plaintiff as an hourly--paid employee assigned to its facility located in Shelby County, Tennessee.  Defendant denies all other allegations and/or implications contained in Paragraph 5 of the Complaint and further denies that it violated any legal duty owed to Plaintiff under applicable law.

6.     Answering the allegations of Paragraph 6 of the Complaint, Defendant admits that it is a for-profit entity incorporated under the laws of the State of Florida, that it provides logistics services and conducts business in Shelby County, Tennessee, and that it is subject to the jurisdiction of this Court.  Defendant denies all other allegations and/or implications contained in Paragraph 6 of the Complaint.

7.     Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.     Defendant admits the allegations contained in Paragraph 8 of the Complaint.

3079238.2

9.     Answering the allegations of Paragraph 9 of the Complaint, Defendant admits only that Plaintiff, as of February 2014, was an "eligible employee" within the meaning of 28 U.S.C. § 2611(2)(A), but denies all other allegations and/or implications in Paragraph 9 of the Complaint.

<u>Factual Allegations</u>

10.    Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.    Answering the allegations of Paragraph 11 of the Complaint, Defendant admits only that, on February 25, 2014, Plaintiff submitted a request for FMLA leave and indicated that she needed said leave because her mother was sick and Plaintiff needed to travel to the Philippines to see her.  Defendant denies all other allegations and/or implications contained in Paragraph 11 of the Complaint.

12.    Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.    Answering the allegations of Paragraph 14 of the Complaint, Defendant admits only that Plaintiff indicated to Matrix Absence Management, Inc. ("Matrix"), Defendant's third-party administrator for FMLA leave requests, that if she was unable to fax or email a completed FMLA medical certification to Matrix while she was in the Philippines, she would do so when she returned.  Defendant denies all other allegations and/or implications contained in Paragraph 14 of the Complaint.

15.    Answering the allegations contained in Paragraph 15 of the Complaint, Defendant admits only that 29 C.F.R. § 825.305(b) speaks for itself, but denies that it violated any obligation owed to Plaintiff pursuant to that regulation or under applicable law.

3079238.2

16.     Answering the allegations contained in Paragraph 16 of the Complaint, Defendant admits, upon information and belief, that Plaintiff was booked for a round-trip flight from Memphis, Tennessee to the Philippines with a departure date of March 26, 2014 and a return date of May 30, 2014.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and/or implications contained in Paragraph 16 of the Complaint, so they are denied.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and/or implications contained in Paragraph 17 of the Complaint, so they are denied.

18.     Answering the allegations contained in Paragraph 18 of the Complaint, Defendant admits only that, upon information and belief, the Certification of Health Care Provider for Family Member's Serious Health Condition provided to Plaintiff by Matrix was executed on March 28, 2014.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that said certification was executed in San Felipe, Philippines by Plaintiff's mother's doctor, so those allegations are denied.  Defendant denies the existence of any agreement between Plaintiff and Defendant regarding the execution of said certification and further denies all other allegations and/or implications contained in Paragraph 18 of the Complaint.

19.     Answering the allegations contained in Paragraph 19 of the Complaint, Defendant admits only that it sent a letter to Plaintiff's Tennessee residence on May 13, 2014 informing her that her employment with Defendant had been terminated, and that said letter speaks for itself.

4

Defendant denies all other allegations and/or implications contained in Paragraph 19 of the Complaint.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and/or implications contained in Paragraph 20 of the Complaint, so they are denied.

21.     Answering the allegations contained in Paragraph 21 of the Complaint, Defendant admits only that Plaintiff returned to its Shelby County, Tennessee facility on June 3, 2014, but denies all other allegations and/or implications contained in Paragraph 21 of the Complaint.

22.     Answering the allegations contained in Paragraph 22 of the Complaint, Defendant admits only that it terminated Plaintiff's employment pursuant to its Leave of Absence Policy based on her prolonged absence from work without approved leave.  Defendant denies all other allegations and/or implications contained in Paragraph 22 of the Complaint.

<u>Count I -- Interference With Right To Take Leave</u>

23.     Defendant hereby realleges and incorporates, by reference, its responses and denials to Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Answering the allegations contained in Paragraph 26 of the Complaint, Defendant admits only that Plaintiff notified Defendant that she needed to be absent from work due to her mother's medical condition. Defendant denies all other allegations and/or implications contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

3079238.2

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Answering the allegations contained in Paragraph 31 of the Complaint, Defendant admits only that Plaintiff has demanded a trial by jury, but denies that Plaintiff is entitled to a jury trial on any claims for equitable relief or front pay.  The remainder of said Paragraph (which could also be construed as an unnumbered paragraph following Paragraph 31 of the Complaint) is a demand for relief, which requires neither an admission nor denial from Defendant, but to the extent said demand implies that Plaintiff is in any way entitled to the relief she seeks, said implications are denied.

Count II -- Discrimination/Retaliation

32.     Defendant hereby realleges and incorporates, by reference, its responses and denials to Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Answering the allegations contained in Paragraph 35 of the Complaint, Defendant admits only that Plaintiff notified Defendant that she needed to be absent from work.  Defendant denies all other allegations and/or implications contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

3079238.2

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Answering the allegations contained in Paragraph 41 of the Complaint, Defendant admits only that Plaintiff has demanded a trial by jury, but denies that Plaintiff is entitled to a jury trial on any claims for equitable relief or front pay.  The remainder of said Paragraph (which could also be construed as an unnumbered paragraph following Paragraph 41 of the Complaint) is a demand for relief, which requires neither an admission nor denial from Defendant, but to the extent said demand implies that Plaintiff is in any way entitled to the relief she seeks, said implications are denied.

Defendant denies each and every allegation and/or implication of the Complaint not expressly admitted herein.

## SECOND DEFENSE

The Complaint fails to state a claim under the FMLA upon which relief can be granted.

## THIRD DEFENSE

Plaintiff cannot show she was entitled to leave under the FMLA for some or all of the absences at issue in this action.

## FOURTH DEFENSE

The service of process and the Complaint on Defendant was insufficient as a matter of fact and law.

## FIFTH DEFENSE

To the extent Plaintiff failed to make any required timely and/or adequate requests for FMLA leave, or failed to provide any required certifications, Defendant is not liable for the consequence of such failures.

3079238.2

## SIXTH DEFENSE

No act, breach, or omission by Defendant either proximately caused or contributed to whatever damages, if any, Plaintiff may have sustained and, therefore, Plaintiff is not entitled to any relief under the FMLA.

## SEVENTH DEFENSE

To the extent Defendant discovers during the course of this action that Plaintiff or her family members did not suffer from a serious health condition under the FMLA, or that Plaintiff sought leave for some purpose unrelated to a serious health condition under the FMLA, Plaintiff's right to recover damages will be barred accordingly.

## EIGHTH DEFENSE

To the extent Defendant discovers during the course of this action that Plaintiff engaged in any conduct which would have warranted discharge under any company policy, Plaintiff's right to recover damages will be barred accordingly.

## NINTH DEFENSE

Plaintiff is not entitled to recover liquidated damages under the FMLA because her employer's conduct was in good faith and based upon reasonable grounds for believing that it did not violate the FMLA.

## TENTH DEFENSE

To the extent Plaintiff suffered no cognizable injury as a result of any violations of the FMLA, Plaintiff is not entitled to any recovery.

3079238.2

**ELEVENTH DEFENSE**

To the extent Plaintiff has failed to mitigate her damages, she is precluded from recovery.

**TWELFTH DEFENSE**

Plaintiff is not entitled to a jury trial on any claims for equitable relief or front pay.

**THIRTEENTH DEFENSE**

Because no discovery has yet occurred in this action, Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, Defendant demands that judgment be entered in its favor dismissing Plaintiff's Complaint with prejudice, with costs (including Defendant's reasonable attorneys' fees) assessed against Plaintiff.


Date:  October 15, 2014                    Respectfully submitted,

**CONSTANGY, BROOKS & SMITH, LLP**


                                          s/ Mallory L. Schneider
                                          Mallory L. Schneider, Tenn. BPR #32492

401 Commerce Street, Suite 1010
Nashville, TN 37219
(615) 320-5200
(615) 321-5891 (facsimile)


                                          Joseph M. Murray, Jr., Georgia Bar No.
                                          531999
                                          *Pro Hac Vice Admission Forthcoming*

230 Peachtree St., NW
Suite 2400
Atlanta, GA 30303-1557
(404) 525-8622
(404) 525-6955 (fax)

                                          ATTORNEYS FOR DEFENDANT

3079238.2

**CERTIFICATE OF SERVICE**

I hereby certify that on October __15__, 2014, I electronically filed the foregoing

**DEFENDANT'S ANSWER** using the CM/ECF system, which will automatically send e-mail

notification of such filing to the following attorney of record for Plaintiff:

Richard Celler, Esq.
7450 Griffin Road, Suite 230
Davie, FL 33314


s/ Mallory L. Schneider
Mallory L. Schneider, Tenn. BPR #32492

**CONSTANGY, BROOKS & SMITH, LLP**
401 Commerce Street, Suite 1010
Nashville, TN 37219
(615) 320-5200
(615) 321-5891 (facsimile)

3079238.2